IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| YILLIO, INC., | COMPLAINT FOR PATENT INFRINGEMENT |
| Plaintiff | |
| v. | **JURY TRIAL DEMANDED** |
| MAP LABS LTD., d/b/a MAPME, | CIVIL ACTION NO. 6:21-cv-482 |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Yillio, Inc. ("Yillio" or "Plaintiff") files this complaint against Map Labs Ltd., d/b/a Mapme ("Mapme" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1.      Yillio is a company incorporated under the laws of the State of North Carolina, registered at and with its principal place of business at 6325 Falls of Neuse Road #35-242, Raleigh, NC 27615.

2.      Yillio's innovations have changed the way mobile consumers find and connect with businesses via social contextual ad platforms.  Yillio's technologies offer a social GPS helping everyone discover, save and share favorite places and deals along their routes.  In real-time, merchants share specials, promotions, coupons, events, and gas prices so each person (user) can see what's happening along the way and where they may want to stop.  Its technology is a proven revenue generator that take advantage of the 25+ million travel routes mobile consumers create

every day.  As described more fully below, Yillio's innovative technology allows targeting ads to users' interests leading to increased engagement and vendor profits.

3.      Upon information and belief, Defendant Mapme is a private limited company organized and existing under the laws of the country of Israel at Nahal Dalia St 36, Modi'in Makabim-Re'ut, Israel, with its principal place of business at Abba Eban Blvd 18, Hertsliya, Tel Aviv, Israel.

## JURISDICTION AND VENUE

4.      Plaintiff repeats and re-alleges the allegations in Paragraphs 1-3 as though fully set forth in their entirety.

5.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

6.      Defendant is subject to this Court's specific personal jurisdiction pursuant to principles of due process and FRCP 4(k)(2), the federal long-arm statute, because (1) it has substantial contacts with the United States and has committed and/or induced acts of patent infringement in the United States; and (2) it is not subject to jurisdiction in any state's courts of general jurisdiction.  Upon information and belief, Defendant receives a substantial portion of its online traffic and revenue from users located in the United States, including from users residing in the District.

7.      Defendant is also subject to this Court's specific personal jurisdiction pursuant to the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or

soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

8.      Specifically, Defendant intends to do and does business in Texas, directly or through subsidiaries or intermediaries and makes, uses, advertises, makes available, and/or markets products and services within the State of Texas, and more particularly, within this district, that infringe the patent-in-suit as described more particularly below.  Further, Defendant via its channels on websites such as www.mapme.com, specifically targets the State of Texas by making its products available for sale throughout the State of Texas.  Upon information and belief, a significant portion of Defendant's revenue comes from customers located in the State of Texas.

9.      Venue is proper in this district under 28 U.S.C. §§ 1400(b) and 1391(b)-(c). Mapme is a foreign corporation and may be sued in this district.

## THE TECHNOLOGY

10.      Plaintiff repeats and re-alleges the allegations in Paragraphs 1-9 as though fully set forth in their entirety.

11.      Prior to Yillio's first patent US 8,285,696 ('696 Patent), users were only able to search in a radius around their current location or the endpoint of their journey.  The invention allowed them to search along the route regardless of length, for example, driving from New York City to Los Angeles (almost 3,000 miles with potentially millions of businesses along the route). The user could easily check corresponding information on a range of alternate routes. Furthermore, the information in the advertisements received by the user was provided on a real-time basis by the business owners, allowing them to cater their advertisements specifically to the users driving directly past their location.  Yillio's invention, for the first time, allowed users to

3

conduct a search of all businesses at all points along a route, and businesses were able to customize advertisements specifically for those users or community of users.

12.      The claims in the second patent US 8,650,176 ('176 Patent) describe the "computer system for providing information about vendors to a user" that enable this complex set of decision-making processes, both real-time and predictive, demonstrating that Yillio's invention went well beyond the realm of abstract idea into the practical applied setting (whether alone or in combination with our online mobile application).

13.      The claims in the third patent US 8,943,037 ('037 Patent) describe a method of providing advertising to a user or community of users over a network, the method comprising: receiving from the user a query identifying a contemplated route; accessing computer database of self-reported business information from vendors, each vendor having an identified geographic location.  Moreover, '037 Patent provides a method which provides information to the user or community of users is prioritized on the basis of ratings provided by users.  The '037 Patent also details a method that further identifies product information, and the provided information is further extracted from the database on the basis of the product information identified by the user or community of users.  Further allowing the user or community of users to share the business information.

14.      The '696, '176, and '037 Patents are collectively referred to hereinafter as the "Asserted Patents."

**MAPME'S GPS NAVIGATION BUSINESS**

15.      Plaintiff repeats and re-alleges the allegations in Paragraphs 1-14 as though fully set forth in their entirety.

16.     On information and belief, Defendant offers web applications and software development kits ("SDK's") that offers turn-by-turn voice guided navigation, live traffic intelligence and global map solutions for drivers.

17.     On information and belief, Mapme enables companies and organizations to leverage maps in order to share companies' info, generate more transactions, and improve their customers' experience.

18.     On information and belief, Mapme allows users to create interactive maps without coding.  Mapme is used across a broad range of verticals, including: Residential Real Estate; Commercial Real Estate; Nonprofit Organizations; In-person or virtual events; Virtual Campus Tours; and Arts, culture, and event.

19.     Additionally, Defendant owns, operates, and offers for sale at least Mapme Navigation Online application (https://app.mapme.com).

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. US 8,285,696

20.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-19 as though fully set forth in their entirety.

21.     On October 9, 2012, U.S. Patent No. 8,285,696 ("the '696 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Apparatus and Methods for Providing Route-Based Advertising and Vendor-Reported Business Information Over a Network."  Yillio owns all substantial rights, interest, and title in and to the '696 Patent, including the sole and exclusive right to prosecute this action and enforce the '696 Patent against infringers, and to collect damages for all relevant times.  A copy of the '696 Patent is attached as Exhibit A.

22.     The '696 Patent describes an apparatus and methods for providing route-based advertising and vendor-reported business information to a user over a network.  The claims of the '696 Patent are not directed to an abstract idea.  For example, claim 1 of the '696 Patent recites hardware components of a system, including a computer database, and a server accessible over a network.  Those operations cause the claimed system to receive user queries, access the computer database in specific ways, and provide to the user, over the network, route-based advertising and vendor-reported business information.  Taken as a whole, the claimed inventions of the '696 Patent are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components performing an inventive series of operations that improve upon the functionality of map routing.

23.     The written description of the '696 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

24.     Defendant is a provider of route-based advertising through at least Mapme Navigation Online application (the "Accused Instrumentalities").

25.     Defendant's Accused Instrumentalities allows the receipt of a user query identifying a contemplated route.

26.     Defendant's Accused Instrumentalities, through a vendor interface, allow vendors to self-report business information, including each vendor's identified geographic location.

27.     Defendant's Accused Instrumentalities, which are data stores of navigation-related data, allow vendors to connect to their servers using a network interface and the internet.  These

servers have a network interface for connecting to the internet and users.  Contained within the Defendant's servers is at least a business information database that is used by Defendant to provide to the user information from the database concerning the business information of a set of vendors on the basis of geographic proximity to the route identified by the user.

28.        Defendant provides to the user, over the network, in response to a user query, advertising from a set of vendors based, at least in part, on data retrieved from the database and based on advertising budgets supplied by the set of vendors.

29.        Defendant maintains at least one application on Defendant's website through at least Mapme Navigation Online application (https://app.mapme.com).

30.        As described above, Defendant made, had made, used, imported, provided, supplied, distributed, sold, or offered to sell products and/or systems, including a computer database, and a server accessible over a network that perform operations according to the claimed inventions of the '696 Patent.

31.        By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claims 1, and 7 of the '696 Patent.  Defendant's infringement in this regard is ongoing.

32.        Defendant has infringed the '696 Patent by making, having made using, importing, providing, supplying, distributing, selling, or offering to sell the Accused Instrumentalities.

33.        Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '063 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT OF THE '063 PATENT

35.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-34 as though fully set forth in their entirety.

36.     Defendant has also indirectly infringed the Asserted Patent by inducing others to directly infringe the Asserted Patent.  Defendant has induced end-users, including Defendant's customers, to directly infringe the Asserted Patent (literally and/or under the doctrine of equivalents) by using the accused systems, methods, and/or services.  Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to make or use the Accused Instrumentalities in a manner that infringes one or more claims of the patent-in-suit, including, for example, Claims 1, and 7 of the '696 Patent.  Such steps by Defendant included, among other things, advising, encouraging, or directing personnel, contractors, or suppliers to use the accused services in an infringing manner; and/or distributing instructions that guide personnel, contractors, or suppliers to use the Accused Instrumentalities in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the Asserted Patent and with the knowledge that the induced acts constitute infringement.   Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the Asserted Patent.   Defendant's inducement is ongoing.

37.     Defendant has also indirectly infringed by contributing to the infringement of the Asserted Patent. Defendant has contributed to the direct infringement of the Asserted Patent by its personnel, contractors, and suppliers. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the Asserted Patent, including, for example, Claims 1, and 7 of the '696 Patent. The special features include, for example, the hardware components of a system, including a system (including a computer database, and a server accessible over a network) that provide route-based advertising and vendor-reported business information to a user over a network.  The special features constitute a material part of the invention of one or more of the claims of the Asserted Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

38.     Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action.

39.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

40.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

41.     Defendant's direct and indirect infringement of the Asserted Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

42.     Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it

for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. US 8,650,176

43.　　　Plaintiff repeats and re-alleges the allegations in Paragraphs 1-42 as though fully set forth in their entirety.

44.　　　On February 11, 2014, U.S. Patent No. 8,650,176 ("the '176 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Apparatus and Methods for Providing Route-Based Advertising and Vendor-Reported Business Information Over a Network."  Yillio owns all substantial rights, interest, and title in and to the '176 Patent, including the sole and exclusive right to prosecute this action and enforce the '176 Patent against infringers, and to collect damages for all relevant times.  A copy of the '176 Patent is attached as Exhibit B.

45.　　　The '176 Patent describes an apparatus and methods for providing route-based advertising and vendor-reported business information to a user over a network.  The claims of the '176 Patent are not directed to an abstract idea.  For example, claim 1 of the '176 Patent recites hardware components of a system, including a computer database, and a server accessible over a network.  Those operations cause the claimed system to receive user queries, access the computer database in specific ways, and provide to the user, over the network, route-based advertising and vendor-reported business information.  Taken as a whole, the claimed inventions of the '176 Patent are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components performing an inventive series of operations that improve upon the functionality of map routing.

46.     The written description of the '176 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

47.     Defendant is a provider of route-based advertising through at least Mapme Navigation Online application (the "Accused Instrumentalities").

48.     Defendant's Accused Instrumentalities allows the receipt of a user query identifying a contemplated route.

49.     Defendant's Accused Instrumentalities, through a vendor interface, allow vendors to self-report business information, including each vendor's identified geographic location.

50.     Defendant's Accused Instrumentalities, which are data stores of navigation-related data, allow vendors to connect to their servers using a network interface and the internet.  These servers have a network interface for connecting to the internet and users.  Contained within the Defendant's servers is at least a business information database that is used by Defendant to provide to the user information from the database concerning the business information of a set of vendors on the basis of geographic proximity to the route identified by the user.

51.     Defendant provides to the user, over the network, in response to a user query, advertising from a set of vendors based, at least in part, on data retrieved from the database and based on advertising budgets supplied by the set of vendors and prices the advertising based, at least in part, on the distance of each vendor's geographic location from the contemplated route.

52.     Defendant maintains at least one application on Defendant's website through at least Mapme Navigation Online application (https://app.mapme.com).

53.     As described above, Defendant made, had made, used, imported, provided, supplied, distributed, sold, or offered to sell products and/or systems, including a computer database, and a server accessible over a network that perform operations according to the claimed inventions of the '696 Patent.

54.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claims 1, and 7 of the '176 Patent.  Defendant's infringement in this regard is ongoing.

55.     Defendant has infringed the '176 Patent by making, having made using, importing, providing, supplying, distributing, selling, or offering to sell the Accused Instrumentalities.

56.     Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '176 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT OF THE '176 PATENT

58.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-57 as though fully set forth in their entirety.

59.     Defendant has also indirectly infringed the Asserted Patent by inducing others to directly infringe the Asserted Patent.  Defendant has induced end-users, including Defendant's customers, to directly infringe the Asserted Patent (literally and/or under the doctrine of

equivalents) by using the accused systems, methods, and/or services.  Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to make or use the Accused Instrumentalities in a manner that infringes one or more claims of the patent-in-suit, including, for example, Claims 1, and 7 of the '176 Patent.  Such steps by Defendant included, among other things, advising, encouraging, or directing personnel, contractors, or suppliers to use the accused services in an infringing manner; and/or distributing instructions that guide personnel, contractors, or suppliers to use the Accused Instrumentalities in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the Asserted Patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the Asserted Patent.  Defendant's inducement is ongoing.

60.    Defendant has also indirectly infringed by contributing to the infringement of the Asserted Patent. Defendant has contributed to the direct infringement of the Asserted Patent by its personnel, contractors, and suppliers. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the Asserted Patent, including, for example, Claims 1, and 7 of the '176 Patent. The special features include, for example, the hardware components of a system, including a system (including a computer database, and a server accessible over a network) that provide route-based advertising and vendor-reported business information to a user over a network.  The special features constitute a material part of the invention of one or more of the claims of the Asserted Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

61.     Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action.

62.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

63.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

64.     Defendant's direct and indirect infringement of the Asserted Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

65.     Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. US 8,943,037

66.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-65 as though fully set forth in their entirety.

67.     On January 27, 2015, U.S. Patent No. 8,943,037 ("the '037 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Apparatus and Methods for Providing Route-Based Advertising and Vendor-Reported Business Information Over a Network."  Yillio owns all substantial rights, interest, and title in and to the '037 Patent, including the sole and exclusive right to prosecute this action and enforce the '037

Patent against infringers, and to collect damages for all relevant times.  A copy of the '037 Patent is attached as Exhibit C.

68.        The '037 Patent describes an apparatus and methods for providing route-based advertising and vendor-reported business information to a user over a network.  The claims of the '037 Patent are not directed to an abstract idea.  For example, claim 1 of the '037 Patent recites hardware components of a system, including a computer database, and a server accessible over a network.  Those operations cause the claimed system to receive user queries, access the computer database in specific ways, and provide to the user, over the network, route-based advertising and vendor-reported business information.  Taken as a whole, the claimed inventions of the '037 Patent are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components performing an inventive series of operations that improve upon the functionality of map routing.

69.        The written description of the '037 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

70.        Defendant is a provider of route-based advertising through at least Mapme Navigation Online application (the "Accused Instrumentalities").

71.        Defendant's Accused Instrumentalities allows the receipt of a user query identifying a contemplated route.

72.        Defendant's Accused Instrumentalities, through a vendor interface, allow vendors to self-report business information, including each vendor's identified geographic location.

73.     Defendant's Accused Instrumentalities, which are data stores of navigation-related data, allow vendors to connect to their servers using a network interface and the internet.  These servers have a network interface for connecting to the internet and users.  Contained within the Defendant's servers is at least a business information database that is used by Defendant to provide to the user information from the database concerning the business information of a set of vendors on the basis of geographic proximity to the route identified by the user, wherein the interface is configured so that each vendor can also specify an advertising budget.

74.     Defendant provides to the user, over the network, in response to a user query, advertising from a set of vendors based, at least in part, on data retrieved from the database and based on advertising budgets supplied by the set of vendors.

75.     Defendant maintains at least one application on Defendant's website through at least Mapme Navigation Online application (https://app.mapme.com).

76.     As described above, Defendant made, had made, used, imported, provided, supplied, distributed, sold, or offered to sell products and/or systems, including a computer database, and a server accessible over a network that perform operations according to the claimed inventions of the '037 Patent.

77.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claims 1, and 7 of the '037 Patent.  Defendant's infringement in this regard is ongoing.

78.     Defendant has infringed the '037 Patent by making, having made using, importing, providing, supplying, distributing, selling, or offering to sell the Accused Instrumentalities.

79.     Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it

for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

80.    Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '037 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT OF THE '037 PATENT

81.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-80 as though fully set forth in their entirety.

82.    Defendant has also indirectly infringed the Asserted Patent by inducing others to directly infringe the Asserted Patent.  Defendant has induced end-users, including Defendant's customers, to directly infringe the Asserted Patent (literally and/or under the doctrine of equivalents) by using the accused systems, methods, and/or services.  Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to make or use the Accused Instrumentalities in a manner that infringes one or more claims of the patent-in-suit, including, for example, Claims 1, and 7 of the '037 Patent.  Such steps by Defendant included, among other things, advising, encouraging, or directing personnel, contractors, or suppliers to use the accused services in an infringing manner; and/or distributing instructions that guide personnel, contractors, or suppliers to use the Accused Instrumentalities in an infringing manner.  Defendant is performing these steps, which constitute induced infringement with the knowledge of the Asserted Patent and with the knowledge that the induced acts constitute infringement.   Defendant is aware that the normal and customary use of the Accused

Instrumentalities by others would infringe the Asserted Patent.   Defendant's inducement is ongoing.

83.      Defendant has also indirectly infringed by contributing to the infringement of the Asserted Patent. Defendant has contributed to the direct infringement of the Asserted Patent by its personnel, contractors, and suppliers. The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the Asserted Patent, including, for example, Claims 1, and 7 of the '037 Patent. The special features include, for example, the hardware components of a system, including a system (including a computer database, and a server accessible over a network) that provide route-based advertising and vendor-reported business information to a user over a network.  The special features constitute a material part of the invention of one or more of the claims of the Asserted Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

84.      Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action.

85.      Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

86.      Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

87.      Defendant's direct and indirect infringement of the Asserted Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

18

88.     Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.


**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Yillio requests that the Court find in its favor and against Defendant, and that the Court grant Yillio the following relief:

a.      Judgment that one or more claims of the Asserted Patent have been infringed, directly or indirectly, either literally and/or under the doctrine of equivalents, by Defendant and/or all others acting in concert therewith;

b.      A judgment and order preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringing, directly or indirectly, the Asserted Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patent by such entities;

c.      Judgment that Defendant accounts for and pays to Yillio all damages to and costs incurred by Yillio because of Defendant's infringing activities and other conduct complained of herein;

d.      Judgment that Defendant's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284, and

supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

e.      Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.      That this Court declare this an exceptional case and award Yillio its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g.      All other and further relief as the Court may deem just, equitable, and proper under the circumstances.

Dated: May 7, 2021                    Respectfully submitted,

By: */s/ Michael Simons*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan Hardt
Texas State Bar No. 24039906
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453

Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Yillio, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 7, 2021, the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

<u>*/s/ Michael Simons*</u>
Michael Simons