IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| YILLIO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 6:21-cv-00482-ADA |
| v. | § | |
| | § | **Jury Trial Demanded** |
| MAP LABS LTD., d/b/a MAPME, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT MAP LABS LTD.'S MOTION FOR SANCTIONS UNDER RULE 11

## TABLE OF CONTENTS

I.      PLAINTIFF HID AND OBSCURED ITS BASELESS INFRINGMENT THEORIES ......................................................................................................................... 2

II.     MISSING ELEMENT—ON THE BASIS OF GEOGRAPHIC PROXIMITY .......... 4

III.    LEGAL STANDARDS FOR RULE 11................................................................ 6

IV.     PLAINTIFF'S CLAIMS ARE BASELESS........................................................ 7

V.      RELIEF SOUGHT.......................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066 (Fed. Cir. 2002) .................................... 7, 8

*Judin v. U.S.*, 110 F.3d 780 (Fed. Cir. 1997) ..................................................................... 7, 8, 10

*Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542 (5th Cir. 2001) ........................................ 10

*Smart Options, LLC v. Jump Rope, Inc.*, No. 12-C-2498, 2013 WL 500861 (N.D. Ill. Feb. 11,
    2013), *aff'd* 562 Fed. Appx. 971 (2014) .......................................................................... 8, 10

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000) ........................... 7, 8

*Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796 (5th Cir. 2003) (en banc) .................. 7

**Rules**

Fed. R. Civ. P. 11 ............................................................................................................. passim

Fed. R. Civ. P. 11(b)(2) .............................................................................................................. 8

Fed. R. Civ. P. 11(b)(3) .............................................................................................................. 8

Fed. R. Civ. P. 11(c)(2) ......................................................................................................... 1, 11

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| **Opening Rule 11 Brief** ||
| **A** | Declaration of Matthew Compton, Counsel for Mapme |
| **B** | '037 Patent Preliminary Infringement Contentions |
| **C** | '037 Patent Final Infringement Contentions |
| **D** | Proposed Order |

Defendant Map Labs Ltd. ("Mapme"), by and through its undersigned counsel, respectfully submits this Motion for Sanctions under Rule 11.  This motion was previously served under Fed. R. Civ. P. 11(c)(2).  After 21 days, Plaintiff Yillio, Inc. ("Plaintiff" or "Yillio") did not dismiss all its claims and so this motion was filed.  This motion focuses one issue in particular—"extracted from the database on the basis of geographic proximity to the route."  This claim element, in one form or another, spans all the asserted claims and is not present or used in Mapme's systems.

Plaintiff did not perform an inquiry reasonable under the circumstances prior to filing suit. Any reasonable inquiry would show that Mapme's systems do not, and cannot be used to, infringe the Asserted Patents.  Without a basis to bring suit, Plaintiff chose to hide its infringement theories, relying on procedural barriers to avoid disclosing the facts giving rise to its infringement claim that it should have possessed, but did not.  When Mapme pointed this out to the Court in a motion to dimiss, Plaintiff asked for procedural delay, assuring the Court know that a proper disclosure would come, soon, sometime, in the future, but not now.

Plaintiff eventually filed an Amended Complaint and served Final Infringement Contentions.  These new allegations discarded the past in favor of new, but objectively baseless, infringement theories.  Mapme pointed this out to Plaintiff's counsel and asked them to dismiss this case.  Plaintiff refused.  Now in summary judgment briefing, Plaintiff has admitted two readily apparent facts about how Mapme's systems work that preclude any possibility of infringement. But instead of dismissing this case, Plaintiff continues forward.

Rule 11 sanctions against Plaintiff and its counsel of record are warranted here.  Mapme is mindful of the Court's strong admonition that "Rule 11 and sanctions motions are very serious and should not be filed casually."  Judge Albright Patent FAQ, available here.  Mapme believes that "the facts are so strong that virtually any Court in the country would grant [this] motion."  *Id.*

## I.      PLAINTIFF HID AND OBSCURED ITS BASELESS INFRINGMENT THEORIES

Throughout this lawsuit, Plaintiff has chosen to hide and obscure its infringement positions, both refusing to disclose them, and shifting them at whim.  The reason for that behavior is now known—Plaintiff did not perform a reasonable pre-suit investigation and had no legal or factual grounds to file suit.  Plaintiff filed its Original Complaint (Dkt. 1) asserting that Mapme infringed U.S. Pat. No. 8,285,696, and U.S. Pat. No. 8,650,176, and U.S. Pat. No. 8,943,037 (the "Asserted Patents").  Mapme responded by filing a Motion to Dismiss (Dkt. 10) ("Mapme's MTD") this case on various grounds, including Rule 12(b)(6) as Plaintiff did not properly plead infringement.

In that motion, Mapme objected to the Original Complaint's complete lack of any correlation of the claim language to Mapme's platform, customers,  and users.  Dkt. 10, Mapme's MTD, 9–11.   After Mapme's MTD was filed, Plaintiff served its preliminary infringement contentions ("PICS").  In those PICS, for each claim, the Plaintiff rephrased, or directly stated in full, claim language and paired it with arbitrary screen shots in a table, making no effort to relate the screen shots to the claim language.  *E.g.*, Ex. B, '037 Patent PICS, § 1[c], at 6–8.  Plaintiff provided no explanations, descriptions, or comparisons as to how various elements were met by Mapme's systems.  *Discussed at* Mapme's Reply in Support of its MTD, Dkt. 21, at 9.

Mapme's Motion to Dismiss also took issue with the assertion of the '176 Patent.  Each claim of the '176 Patent required Mapme to "pric[e] the advertising based, at least in part, on distance of each vendor's geographic location from the contemplated route."  Asserted, dependent claims in the '696 and '037 Patents had similar language.  *E.g.*, Ex. B, '037 Patent PICS, Claim 6, at 16.  Mapme's motion pointed out to the Court what Plaintiff must already have known—that Mapme charged a flat-fee for its services or provided them for free.  Mapme's MTD, Dkt. 10, at 10.  Nevertheless, Plaintiff continued to assert the '176 Patent and similar dependent claims in the '696 and '037 Patents, briefed the claim construction issues, and served PICS that pointed to

Mapme's flat-fee pricing structure as proof of the presence of route-based advertising pricing. *E.g.*, Ex. B, '037 Patent PICS, Claim 6, at 16, 19.

After claim construction briefing was complete and after the hearing on Mapme's Motion to Dismiss, Plaintiff filed its Amended Complaint, Dkt. 48 which dropped the '176 Patent. Thereafter on June 27, 2022, Plaintiff served its Final Infringement Contentions ("FICS"). For the claim element at issue—"extracted … on the basis of geographic proximity to the route"—the FICS dropped the references to Mapme's systems present in the PICS and presented an entirely new, yet baseless, theory of infringement. *Compare* Ex. B, '037 Patent PICS, Claim 1[c], at 6–8 *with* Ex. C, '037 Patent FICS, Claim 1[c], at 5–8.[1]

After receiving Plaintiff's FICS, on July 19, 2022, Mapme's counsel informed Plaintiff via letter that its Final Infringement Contentions were grossly deficient and baseless and it would prepare and serve a Rule 11 motion. Ex. A, Compton Decl., at ¶5. Mapme also informed Plaintiff of facts that Plaintiff should have known—that "in every use scenario, all Mapme customer-provided data present in a map is provided when a map's URL is first requested by a user's browser." *Id.* And that as such, Mapme could not infringe the Asserted Patents. *Id.*

Plaintiff responded to Mapme's letter on August 31, 2022 with a short, frivolous, and previously undisclosed theory of infringement. Ex. A, Compton Decl., ¶6. (A theory that Plaintiff did not present to this Court at summary judgment.) So, in September, Mapme filed its pending Motion for Summary Judgment, Dkt. 61. Thereafter, Plaintiff filed a responsive brief, Dkt. 65, in opposition to Mapme's motion ("Plaintiff's MSJ Resp. Br.") that admitted as undisputed the relevant descriptions of Mapme's servers and how they operate. MSJ Response Brief, Dkt. 65, at

---

[1] PICS and FICS for the '696 Patent are essentially the same on this point. *Compare* '696 Patent PICS, Ex. E to Mapme's Motion for Summary Judgment ("Mapme's MSJ"), Dkt. 61-5, at 5–8 (claim 1[c]) *with* '696 Patent FICS, Ex. F to Mapme's MSJ, Dkt. 61-6, at 5–8 (claim 1[c]).

3–4 (admitting DMF No. 2 and Yillio MF No. 8).  In other words, while making case-ending admissions that should have been known to Plaintiff before filing suit, Plaintiff continued to move forward with this case.  This motion was served shortly thereafter.

## II.    MISSING ELEMENT—ON THE BASIS OF GEOGRAPHIC PROXIMITY

The technology described and claimed in the Asserted Patents concerns multiple vendors competing against each other on a third-party platform for priority ad placement and platform user views.[2]  On the other hand, Mapme's map creation services are a sandbox where a single Mapme customer can make annotations and provide information (both a type of "markup") in the customer's own map-sandbox world, and let others see and interact with their marked-up maps.  Decl. of Philippe Lang, Ex. C to Mapme's MSJ, Dkt. 61-3, at ¶¶18–21 ("Lang Decl.").  The conceptual disparity between these two systems is unbridgeable by the Asserted Patents' claims.

The remaining patents in this case are the '696 Patent and the '037 Patent.  Three of the four independent claims across the patents ('696 Patent, Claim 1 and '037 Patent, Claims 1, 8) require two general claim elements:

- "receiving from the user a query identifying a contemplated route" and

- "providing to the user … [something] … extracted from the database on the basis of geographic proximity to the route identified by the user…"

The fourth independent claim, '696 Patent Claim 7, requires what for purposes of this motion is essentially the same thing:

- "receiving from the user a query identifying a contemplated route" and

- "accessing a computer database… and identifying a set of vendors selected on the

---

[2] A discussion of the technology in Mapme's systems and the Asserted Patents may be found in, Mapme's Op. Claim Construction Br., Dkt. 29, § II–III and Mapme's MSJ, Dkt. 61, § I.B–C.

basis at least of proximity of geographic location to the route"

Thus, an infringing act requires "something"[3] to be "extracted" (or in the '696 Patent, Claim 7, "selected")[4] from a database based on geographic proximity to the route identified by the user.

But Mapme's servers do not "extract … [anything]… on the basis of geographic proximity to [anything]".  Lang Decl. at ¶¶23–27.  Rather, Mapme's servers select/extract and provide all of Mapme customer's map's markup to a user immediately upon the user's first request for the web page with the map.  *Id.* at ¶¶26, 29–30.  And Mapme's servers do so without any type of calculation, reference, analysis, or comparison (geographic, distance, proximity, or otherwise) to any route contained on a Mapme customer's map.  *Id.* at ¶27.

Plaintiff's responsive summary judgment briefing has now admitted as undisputed two facts that confirm that Mapme's technical positions are correct.  The first is "DMF No. 2":

> When a user requests a certain Mapme customer's web page with a map, Mapme's servers select/extract from a database all the markup associated with that customer's map and immediately provide all of the markup in response to the request.

Plaintiff's Resp. Br., Dkt. 65, at 3.  The second admitted fact is "Yillio MF No. 8":

> In response to a request for a map, [Mapme]'s 'servers select/extract from a database all the markup associated with that [] map and immediately provide all of the markup in response to the request.'

*Id.* at 4.

These two undisputed facts show that Mapme does not "provide to the user … [information/vendors/markup] … extracted from the database on the basis of geographic proximity

---

[3] In the *Markman* briefing, the parties dispute what it is that must be extracted from the database. Dkt. 36, Joint Claim Construction Statement, at 2.  But resolution of what exactly is extracted (*e.g.*, business information vs. a set of vendors) has no effect on the outcome of this issue because Mapme performs no extraction or selection of *anything* based on geographic proximity.

[4] For purposes of this motion, "selection" and "extraction" are treated as synonyms.

to the route identified by the user" because the "**basis**" for Mapme's "extract[ion] from the database" of information/vendors/markup is whether those things are "associated" with the requested map. *E.g.*, Lang Decl. ¶¶23, 31. In other words, "geographic proximity to the route" is now undisputedly **not** a "basis" for extraction of anything in Mapme's mapping platform. The sole, and now undisputed, **basis** for Mapme's extraction of information/vendors/markup is that it is **associated** with a requested map requested by a user. *E.g.*, Mapme's MSJ, Dkt. 61, at 8–10; Lang Decl. ¶¶23–26; Yillio MF No. 8; DMF No. 2.

As such, Mapme cannot be a literal infringer of any of the claims of the Asserted Patents, and Plaintiff's argument to the contrary is both frivolous and baseless in view of the facts it has admitted and that a reasonable pre-suit investigation would have shown. To the extent Plaintiff asserts infringement under the doctrine of equivalents, such theories are simultaneously foreclosed by law, waived, and have intentionally not been disclosed. Mapme's MSJ, Dkt. 61, § IV.B (foreclosed); *Id.* at 12 (waived); Mapme's Reply in Support of its MSJ, Dkt. 68, at 9 (waived); Plaintiff's Resp. Br., Dkt. 65, at 9 (intentionally not disclosed). Plaintiff's inducement and contributory infringement theories are conditioned upon the functioning of Mapme's servers such that any possibility for indirect infringement is foreclosed.

## III.    LEGAL STANDARDS FOR RULE 11

Rule 11(b) provides in pertinent part:

By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

"Rule 11 is aimed at curbing baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay." *Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997). "A patent suit can be an expensive proposition. Defending against baseless claims of infringement subjects the alleged infringer to undue costs—precisely the scenario Rule 11 contemplates." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).

The Federal Circuit applies regional-circuit law when determining whether Rule 11 has been violated. *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002).  In the Fifth Circuit, "[t]he standard under which an attorney is measured [under Rule 11] is an objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc).  In the patent context, Rule 11 requires infringement positions to be "well grounded in fact" and "legally tenable."  *View Eng'g*, 208 F.3d at 984 (upholding sanctions for baseless infringement allegations).  Rule 11 also requires an attorney to compare the accused device with construed patent claims on an element-by-element basis before filing suit. *Antonious*,  275 F.3d at 1073–1074.

## IV.    PLAINTIFF'S CLAIMS ARE BASELESS

Plaintiff's claims are baseless.  Counsel for Plaintiff was required to compare Mapme's acts and the Mapme Platform with objectively construed patent claims on an element-by-element basis before filing suit. *Antonious*,  275 F.3d at 1073–1074.  A reasonable inquiry also requires Plaintiff and its counsel to obtain a sample of publicly available things to compare their design and functioning with the claims of the patent.  *Judin*, 110 F.3d at 784.

All of Mapme's service tiers are publicly available and access to all of Mapme's features is available for a small monthly fee between $25 and $150.  Lang Decl. ¶¶8–9.  Free trial accounts are available where customers can create and publish customized maps.  Lang Decl. ¶¶11–12.

7

Testing to see if Mapme's servers "extracted from the database on the basis of geographic proximity to the route" is an easy, straight-forward endeavor. *See* Lang Decl., ¶28 (explaining a simple test case with markup/business information/vendors both near and far from a route).

Given this public and inexpensive (even free) nature of Mapme's services, Plaintiff should and could have done map creation and testing prior to filing suit. *Judin*, 110 F.3d at 784; *Smart Options, LLC v. Jump Rope, Inc.*, No. 12-C-2498, 2013 WL 500861, at *9 (N.D. Ill. Feb. 11, 2013), *aff'd* 562 Fed. Appx. 971 (2014) (imposing sanctions for not testing inexpensive product). Doing so would have revealed what Plaintiff has now admitted in DMF No. 2:

> When a user requests a certain Mapme customer's web page with a map, Mapme's servers select/extract from a database all the markup associated with that customer's map and immediately provide all of the markup in response to the request.

Plaintiff's MSJ Resp. Br., Dkt. 65, at 3. Plaintiff's pre-suit investigation was therefore not reasonable and as a consequence, Plaintiff violated its Rule 11(b)(2) and (b)(3) obligations.

"An attorney's obligation under Rule 11(b)(3) to conduct a proper prefiling investigation applies not only to the complaint but also to 'other paper[s]' filed in the case …." *Antonious*, 275 F.3d at 1074. Mapme's technical information, other than its source code and unimplemented features, is publicly available. *See, e.g.*, Mapme's MTD, Dkt. 10, at 1. Mapme made its source code available to Plaintiff's in accordance with the Court's required technical disclosures on January 24, 2022. Ex. G to Mapme's Reply in Support of its MSJ, 2nd Compton Decl., Dkt. 68-1, ¶3. Mapme's discovery responses, filed by Plaintiff, also reference this fact. *E.g.*, Plaintiff's MSJ Resp. Br., Ex. 3, at 10.

Plaintiff must also perform a reasonable inquiry during discovery into its allegations of infringement. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (imposing sanctions for advancing baseless infringement claims after having four months of

discovery).  Throughout this litigation, and up through at least the serving of this motion, Plaintiff did not expend the effort to review Mapme's source code, despite it being available since January, despite emphasizing to the Court the importance of the discovery of confidential technical information to resolve this case, and despite preparing and serving **final** infringement contentions. *E.g.*, Plaintiff's Response to Mapme's MTD, Dkt. 16, at 11;  Simmons Decl., Dkt. 65-1, at ¶9.  As such, at least Plaintiff's Amended Complaint and Plaintiff's MSJ Response Brief were also filed without a proper prefiling investigation, contrary to Rule 11.  *View Eng'g.*, 208 F.3d at 986.

The arguments Plaintiff has presented in its opposition to Mapme's MSJ as sufficient to show infringement are also legally frivolous, factually baseless, and made without a reasonable prefiling investigation, contrary to Rule 11.  Plaintiff's summary judgment argument is two-fold. The first argument is that: "A map generated by Defendant's system includes 'a marker and business information' for a vendor **based on** the vendor's proximity to a route in the map."  Resp. Br. 4 (emphasis added).  The allegation was both unsupported by competent evidence and explicitly contradicted by facts admitted by Plaintiff that show that the **basis** for extraction is association with the requested map, as shown in DMF No. 2 and Yillio MF No. 8.

Plaintiff's second argument is that "Defendant's database will extract the markup for the requested map, the markup including the route along with the geographically proximate information and return that information to the inquiring user."  Res. Br. at 8. Providing "geographically proximate" markup is insufficient to constitute "providing to the user … [information/vendors/markup] extracted from the database on the basis of geographic proximity to the route identified by the user" as claimed.  Plaintiff frivolously ignores the "on the basis" requirement for "extract[ion]" in the claim language.  And the undisputed **basis** for the extraction is the markup's association with the requested map as stated in DMF No. 2 and Yillio MF No. 8.

*Smart Options*, 2013 WL 500861, at *9 (imposing sanctions for failing to investigate how a product works and compare it with objectively construed claim terms).

## V.      RELIEF SOUGHT

By bringing and maintaining claims of patent infringement, Plaintiff and it's attorneys have breached their Rule 11 obligations and sanction are warranted.  The Court should rule that Plaintiff and its signing counsel of record have not complied with its Rule 11 prefiling inquiry obligations with respect to the "extracted from the database on the basis of geographic proximity to the route" element in the Asserted Patents vis-à-vis at least Plaintiff's Original Complaint (Dkt. 1), Amended Complaint (Dkt. 48), and MSJ Response Brief (Dkt. 65).  The Court should also rule that Plaintiff's legal arguments and factual positions with respect to the same in its MSJ Response Brief (Dkt. 65) were frivolous and baseless in view of Plaintiff's admitted facts.

Second, that the Court order that Plaintiff pay Mapme's reasonable attorney's fees and costs from the inception of this action up through and including the final, non-appealable judgment.  Mapme has suffered severe economic harm fighting a meritless lawsuit.  The Fifth Circuit has held that "the least severe sanction for a lawsuit that is wholly frivolous is the imposition of reasonable attorneys' fees and expenses."  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).  Mapme has taken every reasonable effort to stay and/or resolve this case quickly and efficiently, all of which have been wrongly opposed by Plaintiff.

Third, that the Court order each of Plaintiff, Plaintiff's signing counsel of record noted above, and Plaintiff's law firm of record joint and severally liable.  Rule 11(c)(1); *Judin*, 110 F.3d at 785.  These Rule 11 violations are attorney driven.  But Yillio as a company also bears responsibility given the clear and apparent differences between Mapme's systems and the asserted claims which those in the industry (*e.g.*, Yillio's governing persons, as well as the inventors of the Asserted Patents) knew or should have known.  A proposed order is being submitted herewith.

Dated:  November 21, 2022        Respectfully submitted,

                       By: */s/ Matthew Compton*
                       Matthew Compton
                       Texas Bar No. 24078362
                       **COMPTON & ASSOCIATES PLLC**
                       6601 Cypresswood Dr., Suite 225
                       Spring, Texas 77379
                       Telephone:   (832) 323-1122
                       Facsimile:   (833) 323-1122
                       Email: mcompton@comptonpllc.com
                       **ATTORNEYS FOR DEFENDANT**
                       **MAP LABS LTD. D/B/A MAPME**

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, I caused the above captioned **DEFENDANT MAP LABS LTD.'S MOTION FOR SANCTIONS UNDER RULE 11** and corresponding exhibits to be served on all parties in this action via email to counsel of record pursuant to Fed. R. Civ. P. 11(c)(2).

                       */s/ Matthew Compton*
                       Matthew Compton

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred in good faith with counsel for Plaintiff Yillio by email and letter as noted in the body of the motion, and further attempted to meet and confer during the 21-day period between the service and filing of this motion.  No agreement with respect to this motion was reached because Plaintiff Yillio did not withdraw its claims in this matter.

/s/ *Matthew Compton*
Matthew Compton

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2022, I caused the above captioned **DEFENDANT MAP LABS LTD.'S MOTION FOR SANCTIONS UNDER RULE 11** and corresponding exhibits to be served on all parties in this action via email via the Court's CM/ECF system.

/s/ *Matthew Compton*
Matthew Compton